IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAIRO SALAZAR DOMINGUEZ,

Petitioner,

v.

WARDEN E. EMMERICH,

Respondent.

OPINION AND ORDER

25-cv-627-wmc

---

Representing himself while incarcerated at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"), petitioner Jairo Salazar Dominguez filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of his sentence by the United States Bureau of Prisons ("BOP"). (Dkt. #1.) Specifically, petitioner contends that he has been wrongly denied earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), which would shorten the length of his imprisonment. Respondent contends that relief must be denied because petitioner is not eligible for the time credits he seeks. (Dkt. #9.) The court agrees and, for reasons explained below, the petition will be denied.

OPINION

Petitioner, who is a Mexican citizen, was convicted of conspiracy to possess with intent to distribute fentanyl in violation of 21 U.S.C. § 846 in *United States v. Salazar-Dominguez*, Case No. CR-22-00208-002 (D.C. Ariz. May 15, 2023) (Dkt. #64). He was also convicted of illegal reentry of a removed alien in violation of 8 U.S.C. § 1362(a) in *United States v. Salazar-Dominguez*, Case No. CR-22-00275-001 (D.C. Ariz. May 23, 2023)

(Dkt. #41). As a result of these convictions, petitioner received an aggregate sentence of 63 months' imprisonment.

Petitioner argues that he would be entitled to expedited release if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), also known as FSA Time Credits ("FTCs"). (Dkt. #1.) The First Step Act provides eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C). Petitioner believes he has been wrongfully denied eligibility to shorten his sentence with FTCs because of an order of removal issued previously by immigration officials, which he contends is not final.

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Petitioner cannot make that showing here.

Federal prisoners who are "the subject of a final order of removal under any provision of the immigration laws" are ineligible to have FTCs apply to their sentences. 18 U.S.C. § 3632(d)(4)(E)(i). Respondent presents records showing that immigration officials issued a final order of expedited removal against petitioner in 2019. (Skelly Decl. (dkt. #11) ¶ 7.) Petitioner was removed to Mexico in 2019 and again in 2020 after he re-

entered the United States without authorization. (*Id.*) After his most recent conviction in 2023, immigration officials served petitioner while he was in BOP custody with a notice of detainer, stating an intent to remove him from the United States pursuant to the 2019 removal order. (*Id.* at ¶¶ 10-11.)

Petitioner contends that his prior order of removal may not be used to disqualify him from eligibility for FTCs under § 3632(d)(4)(E)(i) because it has not been reinstated by the Department of Homeland Security. It is true that "[o]nce an order [of removal] has been executed, it cannot be re-executed," and must be reinstated to be effective again. *Valezquez-Olais v. Blanche*, 172 F.4th 536, 538 (7th Cir. 2026). While it is also true that petitioner was not subject to an order of removal when he filed his petition, respondent has presented evidence showing that DHS reinstated his prior removal order on May 15, 2026, stating an intention to deport him upon his release from imprisonment. (Skelly Decl. (dkt. #11) ¶ 11; Notice of Intent/Decision to Reinstate Prior Order (dkt. #11-2) at 2.) The reinstated order of removal became final "immediately upon issuance." *Riley v Bondi*, 606 U.S. 259, 267 (2025). This means that the BOP is prohibited by § 3632(d)(4)(E)(i) from applying any earned FTCs to reduce petitioner's term of imprisonment. Accordingly, the petition will be denied, and this case will be dismissed, because petitioner is not entitled to relief.

ORDER

IT IS ORDERED that:

1) The federal habeas corpus petition filed under 28 U.S.C. § 2241 by petitioner Jairo Salazar Dominguez (dkt. #1) is DENIED and this case is DISMISSED WITH PREJUDICE.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 5th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge